## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHISN ILLINOIS
## EASTERN DIVISION DISTRICT OF

| | |
|---|---|
| IN RE: | ) |
| | )     CASE NO. 10 B 01271 |
| Paulette Miles | )     Judge Hon. Schmetterer |
| | )     CHAPTER 13 |
| _____ | ) |
| Paulette Miles | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )     ADV. NO. 10 AP 00431 |
| Faslo Solutions LLC | ) |
|       Defendant. | ) |

*Findings of Fact and Conclusion of Law*

~~PROPOSED~~ FINDINGS OF FACT

### A.    The Parties

1.    The Plaintiff is Paulette Miles ("Plaintiff").

2.    The Defendant is Faslo Solutions LLC ("Defendant").

### B.    Factual Background

1.    On or about January 14, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiff owns the real estate commonly known as 545 E. Center Street, Glenwood, IL 60425.

3.    That BAC Home Loans holds a first mortgage lien on the real property commonly known as 545 E. Center Street, Glenwood, IL 60425, with a secured claim of $137,270.00 pursuant Plaintiff's Credit Report pulled on January 14, 2010. A proof of claim was not filed for the first mortgage lien.

4.      The Defendant holds a second mortgage lien on the real property known as 545 E. Center Street, Glenwood, IL 60425 in the approximate amount of $25,000.00 pursuant to Plaintiff's Schedule D.  A proof of claim was not filed for the second mortgage lien.

5.      That the Plaintiff obtained an appraisal of the property on January 25, 2010, indicating the value of 545 E. Center Street, Glenwood, IL 60425 as $135,000.00.

6.      The first mortgage lien of BAC Home Loans is a secured claim based on the mortgage recorded on May 25, 2005 as document number 0514504250 with the Cook County Recorder of Deeds, Illinois.

7.      The second mortgage lien of Faslo Solutions LLC is a claim based on the mortgage recorded on May 25, 2005 as document number 0514504251 with the Cook County Recorder of Deeds, Illinois.

8.      The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $370.00 per month.

9.      Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

10.     On March 30, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 545 E. Center Street, Glenwood, IL 60425.

11.     That on March 30, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 1 First American Way, Westlake, TX 76262 and upon the registered agent at 801 Adlai Stevenson Drive, Springfield, IL 62703.

12.     The summons indicated that a motion or answer was required within 30 days

of issuance; to date, no responsive pleading has been filed.

13.     No evidence has been presented to challenge the validity of the secured claim

that holds priority over the second mortgage lien.

14.     No evidence has been presented to challenge the appraised value of

$135,000.00.

15.     The secured claim of ~~Faslo Solutions LLC~~ *first* *BAC Home loans* in the amount of ~~$25,000.00~~ *$137,270*

exhausts the value and equity in Plaintiff's residence.

16.     There is no value and equity to support the claim of the Defendant.

## ~~PROPOSED~~ CONCLUSIONS OF LAW

**A.     Jurisdiction**

1.      This contested matter is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a)

and 1334(b).

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.     Argument**

3.      This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.      The Debtor scheduled the first BAC Home Loans secured claim in the amount

of $137, 270.00 and the second Faslo Solutions LLC claim in the amount of $25,000.00.

5.      BAC Home Loans has not filed a proof of claim for the first mortgage lien.

6.      No proof of claim has been filed for the Plaintiff's second mortgage lien,

Faslo Solutions LLC claim. The claim of Faslo Solutions LLC in the amount of $25,000.00

is second in priority and is based on the figure listed in Plaintiff's Schedule D.

7.      That value of Plaintiff's residence is $135,000.00.

8.      As there is no value or equity to support the second priority lien of Faslo

Solutions LLC, the second Faslo Solutions LLC claim is not a claim secured at all by a

security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy

Code. The Chapter 13 Plan my value the collateral under F. R. Bankr. P. 3012, and determine

the respective rights of secured creditors through he language used therein, contingent on

confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re*

*Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Respectfully submitted,

/s/ Nicholas R. Perino
Attorney for the Debtor/Plaintiff

Robert J. Semrad & Associates
20 South Clark Street
28th Floor
Chicago, Illinois 60603
(312) 913-0625

Enter :

JUN 2 5 2010